# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JOHN HAILE, et al.,**
**# H44084**,

    **Plaintiffs,**

**vs.**                                     **Case No. 4:17cv460-MW/CAS**

**OFFICER MCCALVIN, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by submitting a partial civil rights complaint, ECF No. 1, and a partial motion for leave to proceed in forma pauperis, ECF No. 2. Those documents were received in this Court on October 12, 2017. As explained below, there is concern as to whether Plaintiff is filing this case on his own, in his own name, or using the names and identities of other persons.

Plaintiff's complaint includes a notation indicating he signed it on or about October 6, 2017. ECF No. 1 at 1. The caption also suggests Plaintiff is seeking to bring this case in his own name, along with other

prisoners. *Id.* There are, however, no other signatures. Moreover, there are no factual allegations, no request for relief, and a listing of names which is essentially illegible. *Id.* The postage stamp indicates it was mailed from Union Correctional Institution on October 9, 2017. *Id.* at 3. Plaintiff did not, however, properly state his return address on the envelope. *Id.* at 2.

Plaintiff's in forma pauperis motion is dated October 6th on page two, ECF No. 2 at 2, but dated September 24, 2017, at page four. *Id.* at 4. It was signed by a prison official on October 3, 2017. *Id.* Additionally, the motion also indicates Plaintiff seeks to bring this case on his own and with other prisoners.[1] *Id.* at 1.

In <u>Hubbard v. Haley</u>, 262 F.3d 1194 (11th Cir. 2001), the Eleventh Circuit Court of Appeals held that multiple prisoners could not join their claims together and proceed with in forma pauperis status to divide the filing fee. "[T]he intent of Congress in promulgating the PLRA was to deter frivolous civil actions brought by prisoners by requiring each individual prisoner to pay the full amount of the required fee." 262 F.3d at 1198.

---

[1] The motion lists the Plaintiff as "John Haile, et al.," which is indicative of multiple plaintiffs. However, the motion contains only John Haile's signature.

Case No. 4:17cv460-MW/CAS

Thus, multiple prisoners may not bring a joint civil action if they proceed with in forma pauperis status as "the PLRA clearly and unambiguously requires" each prisoner to pay the full amount of a filing fee. *See* 28 U.S.C. § 1915(b)(1). Accordingly, Plaintiff may not bring this case with other named Plaintiffs. Plaintiff is well aware of that fact because he has previously had other cases summarily dismissed by the Middle District of Florida. *See* document 4 of case # 8:17cv2296-VMC-JSS; document 3 of case # 6:17cv01697-PGB-TBS; and document 3 of case # 3:17cv01084-MMH-JBT.

Notwithstanding, Plaintiff's in forma pauperis motion is insufficient because it does not contain copies of Plaintiff's inmate bank account to support the motion and demonstrate Plaintiff is unable to pay the fee. The relevant statute requires that a prisoner must provide copies of his account statement and a district court must "assess and, when funds exist, collect," a partial payment of the court's filing fee. 28 U.S.C. § 1915(b)(1). Should Plaintiff desire to re-file this case, he must properly submit a completed in forma pauperis motion.

Finally, it is not clear whether Plaintiff is proceeding in this case on his own and under his own name or whether he may also be implicating

other prisoners. Plaintiff did not clearly provide his inmate number on the complaint form. ECF No. 1 at 1. He did not provide a correct return address on the envelope used to mail the complaint to this Court. ECF No. 1 at 2. The mail did originate from Union Correctional Institution, but in reviewing the Florida Department of Corrections' website to determine Plaintiff's proper inmate number, it appears that Plaintiff John S. Haile is incarcerated at Santa Rosa Annex. It may be that Plaintiff was transferred between the time he submitted his complaint for mailing and the time it was received by the Court. Yet, considering the insufficient information provided by Plaintiff, that assumption may not be correct.

Because the complaint is insufficient as filed, the in forma pauperis motion is insufficient, and Plaintiff may not join together with multiple other prisoners to initiate this case and avoid paying the entire filing fee, this case should be summarily dismissed without prejudice. Plaintiff should be provided another civil rights complaint form and in forma pauperis packet in the event he desires to re-file this case solely in his own name. Plaintiff's Department of Corrections' inmate number, address, and identity must be clear and unambiguous.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice, but that the Order of dismissal direct the Clerk of Court to provide Plaintiff with a civil rights complaint form and in forma pauperis application packet.  It is additionally **RECOMMENDED** that any and all pending motions be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 19, 2017.

S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**
**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:17cv460-MW/CAS